UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62366-MC-MARRA

In re:

SUBACUTE SERVICES, INC.,

    Debtor.
_____/

**OPINION AND ORDER**

This cause is before the Court upon the Debtor Subacute Services, Inc.'s ("Debtor") Motion for Stay Pending Appeal (DE 1). Creditor Elizabeth Costlow ("Costlow") has filed a response to the motion. The Court has carefully considered the motion and the response and is otherwise fully advised in the premises.

I.  Background

The facts, based upon the parties' respective statement of facts in their appellate briefs and the appellate record, are as follows:

On July 29, 2011, the Debtor filed its petition for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida. (Costlow's Statement of Facts at 3.) On August 17, 2011, Costlow filed a motion to transfer the Debtor's Chapter 11 case to the Bankruptcy Court for the Northern District of Georgia. (Id.) The Honorable John K. Olson held a non-evidentiary hearing on the transfer motion on September 13, 2011. (Tr. of Sept. 13, 2011 hr'g, DE 1.) The next day, the Bankruptcy Court ordered the transfer of venue to the Northern District of Georgia. (September 14, 2011 Order, DE 1.)

In its order, the Bankruptcy Court noted the following: The Debtor operated as a manager and provided back-office support to six nursing home facilities all owned by entities which are in

turn wholly-owned or controlled by the Debtor's sole shareholder, Richard W. Wolfe. Five of the nursing homes are located in the Northern District of Georgia and the sixth home is located in the Southern District of Florida. Prior to filing the bankruptcy petition, Mr. Wolfe terminated the management contracts held by the Debtor with each of the affiliated nursing home entities.  The Debtor maintained its principal place of business in Lilburn, Georgia until the Debtor moved its principal place of business to Sunrise, Florida just prior to the filing of the petition.  (Id. at 1-2.)

The Debtor listed 14 creditors, including seven personal injury tort or wrongful death claimants arising out of Georgia events.  Costlow holds a wrongful death judgment against the Debtor which was entered by a Georgia state court in an amount in excess of $2 million. Of the remaining 7 creditors, only one is a non-insider scheduled creditor.  The Debtor has no employees. (Id. at 2-3.)

The Bankruptcy Court considered the question of venue under 28 U.S.C. § 1412 and Rule 1014 of the Federal Rules of Bankruptcy Procedure. The Bankruptcy Court found that upon liquidation of the personal injury/wrongful death claims, the tort claimants will be "significant players" in the disposition of the Chapter 11 case and therefore their location in Georgia matters. The Bankruptcy Court also stated that discovery and court appearances from the Debtor's former employees who staffed the Georgia location will be necessary.  Finally, the Bankruptcy Court noted, but did not find persuasive, Mr. Wolfe's location in the Southern District of Florida and the Debtor's choice of venue.  As such, the Bankruptcy Court granted the motion for transfer based on the "interests of justice and the convenience of the parties." (Id. at 3-5.)

On September 28, 2011, the Debtor filed a motion for reconsideration, which the Bankruptcy Court denied. (Order Denying Motion to Reconsider, DE 1.)  On October 7, 2011,

the Debtor filed a motion for leave to appeal the transfer order and, on October 10, 2011, the Debtor filed a motion to stay the transfer order. On November 1, 2011, the Bankruptcy Court denied the stay motion. (Debtor's Statement of Facts at 2; Costlow's Statement of Facts at 4.)

In moving for a stay pending appeal, the Debtor argues that the Bankruptcy Court erred when it failed to make a determination of whether venue was proper or improper in the Southern District of Florida under 28 U.S.C. § 1408. The Debtor also argues there was no evidence to support a finding that the convenience of the parties and the interests of justice requires a transfer of venue.

II.  Legal Standard

In considering a stay pending appeal, the Court must consider: (1) likelihood of success on the merits; (2) irreparable injury to the appellant if the stay is not granted; (3) substantial harm to the appellee if the stay is granted; and (4) whether the public interest is served. In re Micci, 188 B.R. 697, 699 (S.D. Fla. 1995); In re Bob Hamilton Real Estate, Inc., 164 B.R. 703, 705 (Bankr. M.D. Fla. 1994).

III.  Discussion

After careful consideration, the Court denies the motion for a stay pending appeal. In so ruling, the Court finds that the Debtor has not shown a substantial likelihood that this Court will reverse the order transferring the case to the Northern District of Georgia. Despite the Debtor's argument to the contrary, the Bankruptcy Court made an implicit finding that venue was proper under 28 U.S.C. § 1408.[1]  Based on that finding, the Bankruptcy Court properly turned to 28

---

[1] "[A] case under title 11 may be commenced in the district court for the district . . .in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for

U.S.C. § 1412[2] and Rule 1014 of the Federal Rules of Bankruptcy Procedure[3] and concluded that it was in the interest of justice and for the convenience of the parties to transfer the case. Had the bankruptcy court not determined that venue was proper under 28 U.S.C. § 1408, it would have proceeded under 28 U.S.C. § 1406[4] instead of 28 U.S.C. § 1412.

Next, the Court finds that it is not likely that the Debtor will be able to demonstrate that, in making that finding, the Bankruptcy Court abused its discretion in balancing the various factors. See In re Red Carpet Corp. of Panama City Beach, 902 F.2d 883, 890 (11th Cir. 1990)

---

the one hundred and eighty days immediately preceding such commencement . . . ." 28 U.S.C. § 1408.

[2] "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.

[3] Rule 1014. Dismissal and Change of Venue

a) Dismissal and Transfer of Cases

(1) Cases Filed in Proper District

If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr. P. 1014.

[4] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

("An abuse of discretion occurs if the judge . . . bases an award upon findings of fact that are clearly erroneous.") Indeed, in concluding that transfer was appropriate, the Bankruptcy Court noted the presence of the elderly claimants and their heirs in the Northern District of Georgia and the former employees of the Debtor residing in Georgia.[5]

The Court also finds that the Debtor has failed to make the requisite showing of irreparable injury.  this showing as well.  Given that the Court has found no likelihood of success on the merits, the Debtor's contention that an immediate transfer would defeat its right to appeal the transfer order is not persuasive.  Equally unpersuasive is the Debtor's argument that it will be irreparably harmed by having to conduct its reorganization efforts in a foreign forum.  At the very worst, the effect of this transfer will be the additional expense incurred by having to litigate a case where the Debtor is not presently located.  The Court finds that this fact, standing alone, does not constitute irreparable harm.

The Court also finds substantial harm to Costlow if the stay is granted. Besides the Debtor, all the witnesses and evidence in this case appear to be located in Georgia.  While Mr. Wolfe, the Debtor's sole shareholder may reside in Florida, it is less harmful for him to travel to Georgia, given that Georgia was the former, and very recent, location of the Debtor's business. Cf. Surgical Outcome Support, Inc. v. Plus Consulting, LLC, No. 08-80495-CIV, 2008 WL 2950151, at * 3 (S.D. Fla. July 31, 2008) (in considering the convenience factor in transferring venue, courts look to the "relative ability of the parties to bear the expense of changing the forum").

---

[5] Even viewing the facts in the light most favorable to the Debtor, the Court finds there were sufficient undisputed facts before the Bankruptcy Court to support this finding.

Finally, there is no clear demonstration that the public interest would be served better by conducting this proceeding in Florida. As discussed <u>supra</u>, the vast majority of witnesses and evidence are located in Georgia and the public interest is therefore better served by conducting these proceedings in Georgia.

<u>IV. Conclusion</u>

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Debtor's Motion for Stay Pending Appeal (DE 1) is **DENIED**. The Clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of November, 2011.

_____
KENNETH A. MARRA
United States District Judge